UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARMAINE ARRINGTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER K.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-978** |
| **AMERICAN ALTERNATIVE INSURANCE CORPORATION, ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. #17) is **GRANTED**, and plaintiff's individual capacity claims against Janice Krantz for violations of the Fourteenth Amendment brought under 42 U.S.C. § 1983; individual capacity claims against Dr. Timothy Schneider and Gayle Sloan for violations of the First Amendment brought under 42 U.S.C. § 1983; plaintiff's Monell claims against the St. Tammany Parish School Board; and plaintiff's Louisiana state law claims against Gayle Sloan and the St. Tammany Parish School Board are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' state law claims against Janice Krantz and Dr. Timothy Schneider are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff, Charmaine Arrington, filed this suit individually and on behalf of her minor daughter K.A., regarding an incident that allegedly occurred at Fountainebleau Junior Highschool in St. Tammany Parish, Louisiana on March 26, 2009, when K.A. was a student at the school. Arrington alleges that Janice Krantz, a teacher at the school, screamed in K.A.'s face and violently grabbed and jerked K.A. by the arm injuring K.A.'s arm and shoulder.

Arrington alleges that on March 31, 2009, Dr. Timothy Schneider, the principal, and/or the St. Tammany Parish School Board allegedly told Arrington that there was video surveillance footage of the incident, but later that day denied it. Arrington alleges that Schneider destroyed or concealed the video footage. Arrington filed suit against Krantz; Schneider; the Board; the school's superintendent, Gayle Sloan; and the school's insurer, American Alternative Insurance Corporation ("AAIC"), alleging claims under 42 U.S.C. § 1983, and Louisiana state law.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court granted the motion as to Arrington's official capacity claims against Sloan and Schneider; individual capacity claims against Sloan, Schneider, and Krantz for violations of the Fourth, Fifth, and Eight Amendments; and, individual capacity claims against Sloan and Schneider for violations of the Fourteenth Amendment. The court denied the motion as to Arrington's individual capacity claims against Janice Krantz for violations of the Fourteenth Amendment; individual capacity claims against Sloan and Schneider for violations of the First Amendment; and, Monell claims against the St. Tammany Parish School Board.

Defendants filed a motion for summary judgment on Arrington's remaining claims, i.e. her individual capacity claims against Krantz for violations of the Fourteenth Amendment, individual capacity claims against Schneider for violations of the First Amendment, and state law claims against Krantz and Schneider.[1]  They argue that they are entitled to summary judgment because the facts do not support the claims.

## ANALYSIS

**A.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

---

[1] In her opposition memoranda, plaintiff stated that she did not oppose the motion for summary judgment as to Sloan or the St. Tammany Parish School Board.  Thus, the motion is GRANTED as to plaintiff's claims against Sloan and the St. Tammany Parish School Board, and those claims are DISMISSED.

### B.      Arrington's Fourteenth Amendment Substantive Due Process Claim Against Krantz

The United States Court of Appeals for the Fifth Circuit has held that corporal punishment in public schools constitutes a deprivation of substantive due process rights only "when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." See Serafin v. Sch. of Excellence in Educ., 252 Fed. Appx. 684, 2007 WL 3226296 (5th Cir. 2007) (quoting Fee v. Herndon, 900 F.2d 804, 808 (5th Cir. 1990)).  As a matter of law, corporal punishment is not arbitrary if the state has local remedies for the allegedly offensive conduct. Id. (citing Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874-75 (5th Cir. 2000)).  The United States Court of Appeals for the Fifth Circuit has held that the State of Louisiana affords students an adequate remedy for allegedly excessive corporal punishment through its tort law and statutory provisions in Title 17 (Education) of the Louisiana Revised Statutes. Flores v. Sch. Bd. of DeSoto Parish, 116 Fed. Appx. 504, 2004 WL 2604225 (5th Cir. 2004) (citing Coleman v. Franklin Parish Sch. Bd., 702 F.2d 74, 76 (5th Cir. 1983)).

Arrington alleges that Krantz violated K.A.'s substantive due process rights by screaming in K.A.'s face and violently grabbing and jerking K.A. by the arm causing injury to K.A.'s left arm and shoulder.  In her affidavit, Krantz declared that at the time of the incident, K.A. was causing a disruption, that Krantz asked K.A. for her name, and K.A. began moving away from Krantz creating more of a disturbance.  Krantz followed K.A. and grabbed her arm to get her attention because Krantz was sick and could not call out.  Krantz declared that K.A. jerked her arm away and began to scream that Krantz could not touch her.  Krantz took K.A. to the office.

In her declaration, K.A. declared that she was speaking to another student when Krantz told her she was not supposed to be doing that. K.A. declared that she could not hear Krantz, and Krantz started yelling, but she still could not hear Krantz because Krantz lost her voice. K.A. states that Krantz grabbed her hard by the arm and jerked her around. K.A. declared that her shirt was too tight for Krantz to grab her sleeve without also grabbing her arm.

The evidence regarding the incident provided by Krantz and K.A. shows that Krantz's actions do not rise to the level of a Constitutional violation. Krantz grabbed K.A.'s arm, or sleeve, to get her attention because Krantz could not call out to get K.A.'s attention. Regardless of whether Krantz grabbed K.A.'s arm or sleeve, her actions were not arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning. Krantz's actions to get the attention of a student that was causing a disruption cannot reasonably be considered so arbtrary or capricious to rise the level of a violation of K.A.'s Fourteenth Amendment substantive due process rights. Therefore, defendants' motion for summary judgment is GRANTED as to Arrington's Fourteenth Amendment substantive due process claims against Krantz, and those claims are DISMISSED.

**C.      Arrington's First Amendment Access to the Courts Claims Against Schneider**

The right to access to the courts is a fundamental right protected by the Constitution. See Chambers v. Baltimore & Ohio R.R. Co., 28 S.Ct. 34, 35 (1907). The First Amendment guarantees the right of access to the courts to petition for the redress of grievances. Bryant v. Military Dept. of Mississippi, 597 F.3d 678, 690 (5th Cir. 2010) (citing Cal. Motor Transp. Co. v. Trucking Unlimited, 92 S.Ct. 609, 611 (1972)). The denial of access to the courts can occur when a party has

5

engaged "in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective." Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998) (citing Swekel v. City of River Rouge, 119 F.3d 1259, 1265 (6th Cir. 1997), cert. denied, 118 S.Ct. 690 (1998)). To state a claim for denial of access to the courts, a plaintiff must show "that his position as a litigant was prejudiced" by the defendant's actions. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

Arrington alleges that Schneider violated her right to access to the courts by: (1) his deliberate indifference to Krantz's actions and her complaints about Krantz; and, (2) his role in the alleged destruction or concealment of video surveillance tapes.

In his affidavit, Schneider declared that there was no video surveillance camera pointed at the area where the incident occurred, and that there was no video of the event to destroy. He also declared that he investigated the incident by taking statements from witnesses, and that he reported the incident to the school board.

In her declaration, Arrington declared that Schneider told her that there was video of the event, and than later told her that there was not. Arrington's declaration does not contradict Schneider's sworn statement that there was no camera on the area, and that there was no video. She also does not offer any testimony to contradict Schneider's statements regarding the investigation he performed.

Arrington has not presented any issues of material fact that demonstrate that Schneider violated her First Amendment right to access to the courts by destroying video evidence, or that he was indifferent to Krantz alleged actions. Therefore, defendants' motion for summary judgment is

GRANTED as to Arrington's First Amendment access to the courts claims against Schneider, and those claims are DISMISSED.

### D.  Arrington's State Law Claims

Arrington filed Louisiana state law claims against Krantz and Schneider. Because plaintiff's federal claims have been dismissed, it is appropriate for the court to decline to exercise supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") Accordingly, plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. #17) is **GRANTED**, and plaintiff's individual capacity claims against Janice Krantz for violations of the Fourteenth Amendment brought under 42 U.S.C. § 1983; individual capacity claims against Dr. Timothy Schneider and Gayle Sloan for violations of the First Amendment brought under 42 U.S.C. § 1983; plaintiff's Monell claims against the St. Tammany Parish School Board; and plaintiff's Louisiana state law claims against Gayle Sloan and the St. Tammany Parish School Board are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' state law claims against Janice Krantz and Dr. Timothy Schneider are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this <u>12th</u> day of April, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**